Joshua Prince, Esq.
Attorney Id. No. 306521
Joshua@CivilRightsDefenseFirm.com

Adam Kraut, Esq.
Attorney Id No. 318482
AKraut@CivilRightsDefenseFirm.com

Civil Rights Defense Firm, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(888) 202-9297 (t)
(610) 400-8439 (f)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LISA M. FOLAJTAR** | : | |
| Plaintiff | : | |
| | : | |
| **v.** | : | Civil Action |
| | : | |
| **JEFFERSON B. SESSIONS III,** | : | No. |
| Attorney General of the United | : | |
| States | : | |
| | : | |
| **THOMAS E. BRANDON,** | : | |
| Acting Director, Bureau of Alcohol, | : | |
| Tobacco, Firearms, and Explosives | : | |
| | : | |
| **CHRISTOPHER A. WRAY,** | : | Complaint – Civil Rights |
| Director of the Federal Bureau | : | |
| of Investigation | : | |
| | : | |
| **UNITED STATES OF** | : | |
| **AMERICA** | : | |
| Defendants | : | |

## COMPLAINT

COMES NOW Plaintiff Lisa Folajtar, by and through her attorneys, Joshua Prince, Esq. and Adam Kraut, Esq., of Civil Rights Defense Firm, P.C., and complains of Defendants as follows:

## INTRODUCTION

1. This is an action to uphold Plaintiff's right to keep and bear arms as guaranteed by the Second Amendment to the United States Constitution. This right "guarantee[s] the individual right to possess and carry" firearms and "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller,* 554 U.S. 570, 635 (2008).

2. The Third Circuit Court of Appeals in *Binderup v. AG of United States*, 836 F.3d 336 (3d Cir. 2016) held that an individual can successfully bring a Second Amendment *as-applied* challenge to a non-violent conviction which results in a firearm and ammunition disability.

3. Defendants have collectively and individually prohibited a particular class of persons, including Plaintiff, from obtaining, possessing, keeping, bearing, or otherwise utilizing firearms and ammunition as a result of making a false statement in the filing of a tax return, where no person was injured by the conduct.

4.  Specifically, individuals, such as Plaintiff, who plead guilty to making a false statement in the filing of a tax return, for which no harm occurs to another individual, are stripped of their constitutional right to Keep and Bear Arms, in perpetuity.

5.  Furthermore, those individuals, such as Plaintiff, are not afforded any means to demonstrate – following their conviction – their fitness to restore their Second Amendment right to acquire, possess, keep, bear, or otherwise utilize a firearm in his or her private capacity, or for the defense of his or her hearth and home, except through a Second Amendment *as-applied* challenge.

6.  The current putative perpetual prohibition on individuals keeping, bearing, acquiring, possessing, or utilizing a firearm, as a result of filing a false tax return, where no person was injured by the conduct, infringes upon the individual's right to Keep and Bear Arms, as it arbitrarily denies the entire class of persons without regard to the particular circumstances of that individual's case.

7.  Thus, numerous mentally sound, stable, trustworthy individuals, such as Plaintiff, are perpetually denied their Constitutional right to keep and bear arms in defense of their home, as a result of making a false statement in the filing of a tax return, with no regard or consideration of the particular circumstances surrounding the individual.

**PARTIES**

8.   Plaintiff Lisa M. Folajtar, ["Mrs. Folajtar"] is a natural person, and a citizen
     of Walnutport, Pennsylvania and the United States. Mrs. Folajtar's sole
     prohibiting offense stems from her guilty plea on May 13, 2011, before the
     Honorable James Knoll Gardner for the United States District Court for the
     Eastern District of Pennsylvania, for making a false statement in her tax
     return, where on October 19, 2011, she was sentenced to three years of
     probation and a fine of $10,000.00 and a mandatory special assessment of
     $100.00. Mrs. Folajtar successfully completed her probation without any
     probation violations. Unfortunately, Mrs. Folajtar's attorney never advised
     Mrs. Folajtar of the loss of her Second Amendment rights pursuant to this
     guilty plea. It is Mrs. Folajtar's present intention and desire to purchase and
     possess a handgun and long gun for self-defense within her home.
     Furthermore, Mrs. Folajtar is President of the Pennsylvania corporation
     Archery Addictions, LTD., which desires to file for its Federal Firearms
     License, which would require Mrs. Folajtar, as President, to be listed as a
     "responsible person" for which she is precluded, as a result of her guilty
     plea. As Mrs. Folajtar is only under a Federal firearms and ammunition
     disability, she is prevented from doing so solely by Defendants' active
     enforcement of the policies complained of in this action.

9.  Defendant Jefferson Sessions ("Attorney General" or "Sessions") is being sued in his official capacity as the Attorney General of the United States.  As Attorney General, Defendant Sessions is responsible for executing and administering the laws, regulations, customs, practices, and policies of the United States.  He is presently enforcing the laws, regulations, customs, practices, and policies complained of in this action.  As Attorney General, Defendant Sessions is ultimately responsible for supervising the functions and actions of the United States Department of Justice, including the ATF, which is an arm of the Department of Justice.

10. Defendant Thomas E. Brandon ("ATF Director" or "Brandon") is being sued in his official capacity as Acting Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF").  ATF is responsible for, *inter alia*, regulating and licensing the sale, possession, transfer, and transportation of firearms and ammunition in interstate commerce.  As Acting Director of ATF, Defendant Brandon is responsible for the creation, implementation, execution, and administration of the laws, regulations, customs, practices, and policies of the United States.  He is presently enforcing the laws, regulations, customs, practices, and policies complained of in this action.

11. Defendant Christopher A. Wray ("FBI Director" or "Wray") is being sued in his official capacity as Director of the Federal Bureau of Investigation ("FBI").  FBI is the agency responsible for performing background checks for federal, state, and local law enforcement authorities via the National Instant Check System ("NICS").  FBI is responsible for maintaining the NICS database reflecting that individuals are prohibited from acquiring, possessing, and utilizing a firearm.  FBI sets forth policies, procedures, regulations, and customs relating to NICS and background checks for firearm purchasers.  As Director of the FBI, Defendant Wray is responsible for the execution and administration of these policies, procedures, regulations, and customs, including those complained of in this action.

12. Defendant United States of America ("United States") is a proper party in this action pursuant to 5 U.S.C. § 702.

## JURISDICTION AND VENUE

13. This case concerns certain subject matter under the original and exclusive jurisdiction of the federal courts of the United States of America.

14. This action seeks relief pursuant to 28 U.S.C. §§ 1331, 1343, 1346, 2201, 2202, 2412, and 5 U.S.C. § 702.  Therefore, jurisdiction is founded on 28

U.S.C. § 1331, as this action arises under the Constitution and laws of the United States.

15. This Court has authority to award costs and attorney fees pursuant to 28 U.S.C. §§ 1920, 2412 and 18 U.S.C. § 925a.

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1)(B) and (C), as a substantial part of the events and omissions giving rise to the claims occurred in the Eastern District of Pennsylvania.

## STATEMENT OF FACTS RELATING TO PLAINTIFF

17. The foregoing paragraphs are incorporated herein as if set forth in full.

18. Mrs. Folajtar:

    a. Is a United States citizen;

    b. Is over the age of 21;

    c. Is not under indictment;

    d. Has never been convicted of a felony or misdemeanor crime of domestic violence;

    e. Has only once been convicted of a crime punishable by more than one (1) year;

    f. Is not a fugitive from justice;

    g. Is not an unlawful user of, or addicted to, any controlled substance;

    h.  Has not been adjudicated a mental defective or been committed to a mental institution;

    i.  Has not been discharged from the Armed Forces under dishonorable conditions;

    j.  Has never renounced her citizenship; and,

    k.  Is not the subject of a restraining order relating to an intimate partner.

19. Mrs. Folajtar's *sole* prohibiting offense is her guilty plea to making a false statement in the filing of a tax return, pursuant to 26 U.S.C. § 7206(1), which can be punished by up to 3 years in jail. [1]

20. As a result of her conviction, Mrs. Folajtar was sentenced to three years of probation and a fine of $10,000.00 and a mandatory special assessment of $100.00. *See*, Mrs. Folajtar's 2011 Judgment, attached hereto and incorporated herein as Exhibit A.

21. Unfortunately, as few attorneys, district attorneys and judges are aware of or understand the federally prohibiting criteria, Mrs. Folajtar was not informed

---

[1] Mrs. Folajtar respectfully points out that the maximum penalty for her offense is two years less than an offense graded as a misdemeanor of the first degree in Pennsylvania for which the Third Circuit in *Binderup* found was not a serious offense in relation to Mr. Binderup's conviction for corruption of a minor. *See*, 18 Pa.C.S. § 106(b)(6)(specifying that a misdemeanor of the first degree can be punished by up to five years in jail); *Binderup*, 836 F.3d at 340. Clearly, corruption of a minor is a far more egregious offense than Mrs. Folajtar's making of a false statement in the filing of a tax return.

that her 2011 conviction would putatively strip her of her right to Keep and Bear Arms in perpetuity, pursuant to 18 U.S.C. § 922(g)(1).

22. Furthermore, the court documents, including the Guilty Plea, are noticeably devoid of any reference to the Second Amendment, firearms or rights that Mrs. Folajtar would putatively and perpetually lose in pleading guilty to the offense.

23. Moreover, the terms of probation, which was entered five months after her guilty plea, only suggests that she would be prohibited from possessing a firearm and ammunition during the term of probation. *See*, Exhibit A.

24. In or about 2018, being concerned for her and her family's safety and desiring to be able to protect herself and her family in their home, as well as, being interested in obtaining a Federal Firearms License for Archery Addictions, LTD., Mrs. Folajtar first learned that she was putatively prohibited from purchasing and possessing firearms and ammunition, pursuant to Defendants' interpretation and enforcement of 18 U.S.C. § 922(g)(1).

25. Thus, as a result of her 2011 conviction for making a false statement in the filing of a tax return, Defendants contend that Plaintiff Folajtar lost, in perpetuity, her right to own, possess, use, or purchase a firearm or ammunition by operation of 18 U.S.C.§ 922(g)(1).

26. ATF Philadelphia Division Counsel Kevin White previously confirmed to the Attorney Joshua Prince that an individual convicted of a crime punishable by more than a year is prohibited under Section 922(g)(1) and there is currently no mechanism available under federal law, except for a pardon from the President, for Mrs. Folajtar to obtain relief from her federal disability, as a result of her isolated conviction.

27. Mrs. Folajtar is a responsible, law-abiding citizen with no history of violent behavior or other conduct that would suggest she poses any threat or danger.

28. Mrs. Folajtar desires and intends to purchase, possess and utilize firearms for self-defense and for defense of her family, including within her home.

29. Additionally, Mrs. Folajtar desires to obtain a Federal Firearms License for Archery Addictions, LTD., of which she is President.

30. Mrs. Folajtar, after learning of the Defendants' position in relation to her 2011 conviction, has abstained from attempting to purchase a firearm or applying for a Federal Firearms License for Archery Addictions, LTD., for fear of arrest, prosecution, incarceration, and/or fine, pursuant to 18 U.S.C. § 922(g)(1), instigated and directed by Defendants, should she attempt to obtain a Federal Firearms License or purchase or possess a firearm or ammunition.

31. Mrs. Folajtar is unwilling to apply for a Federal Firearms License for Archery Addictions, LTD. or purchase, possess or utilize a firearm or ammunition, because doing so would subject her to arrest, prosecution, fine and incarceration, at Defendants' instigation and direction, for putatively violating 18 U.S.C. § 922(g)(1).

32. Therefore, Mrs. Folajtar cannot possess a firearm or ammunition within her own home for the protection of herself or her family, the core of the fundamental right guaranteed by the Second Amendment. *See District of Columbia v. Heller*, 554 U.S. 570, 581 (2008).

## STATUTES AND REGULATIONS

33. 18 U.S.C. § 922(g) provides the following:

(g) It shall be unlawful for any person –

…

    (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

    …

    to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

34. Pursuant to 26 U.S.C. § 7206(1), Mrs. Folajtar's conviction could have been punished by up to three years.

35.  Therefore, Mrs. Folajtar's conviction, pursuant to 18 U.S.C. § 922(g)(1), is a crime punishable by imprisonment for a term exceeding one year.

36.  While making a false statement in the filing of a tax return is not to be countenanced, it is not a serious crime, as historically viewed by the Founding Fathers.

37.  In fact, the Third Circuit in *Binderup* acknowledged that a corruption of a minor conviction and a conviction for unlawfully carrying a firearm were not historically serious enough crimes to strip one of his/her Second Amendment right. 836 F.3d at 351.

38.  Similar to the crimes involved in *Binderup*, making a false statement in the filing of a tax return does not involve violence nor is there an element of violence to be proven for a conviction. *Id*. at 352.

39.  Furthermore, consistent with the Third Circuit's decision in *Binderup*, Mrs. Folajtar's sentence was minor by any measure, especially when the maximum sentence under Section 7206 is two years less than the maximum sentences permitted in *Binderup*.

40.  Moreover, the cross-jurisdictional consensus regarding the seriousness of such an offense is rather disparate in some regards but in no circumstance do they support the loss of a constitutional right, as a result of a first offense.

41. All states have laws, which prohibit the filing of a false tax return, with the majority prohibiting the filing of a false individual income tax return; however, some states do not impose any individual income tax.

42. *Binderup* not only requires an analysis of whether there is a consensus amongst the states to punish the disqualifying offense but also whether there is a consensus to the severity of such punishment.

43. With regards to filing false individual income tax returns, states disparately punish the offense with many prescribing a shorter sentencing range than the statute under which Plaintiff Folajtar was convicted.

44. In fact, if Mrs. Folajtar had filed a false Pennsylvania income tax return and been convicted of it, pursuant to 72 P.S. 7353, she would not be prohibited pursuant to 18 U.S.C. § 922(g)(1).

45. Additionally, in relation to the severity of any statutorily approved punishment, the cross-jurisdictional consensus lacks any support for stripping an individual, as a result of filing one false individual income tax return, from his/her right to keep and bear arms, in perpetuity.

46. Pursuant 18 U.S.C. § 925(c), an individual prohibited from acquiring a firearm may apply to the Attorney General for relief from the prohibition, which the Attorney General may grant if "the applicant will not be likely to

act in a manner dangerous to public safety and that the granting of the relief

would not be contrary to the public interest."

47. The ATF has promulgated a rule detailing the manner that a review under 18

U.S.C. § 925(c) may be sought. *See*, 27 C.F.R. § 478.144.

48. However, notwithstanding the provisions of 18 U.S.C. § 925(c) and 27

C.F.R.§ 478.144, which purport to provide a means to request relief for an

individual prohibited from acquiring a firearm, the United States Congress

has specifically denied any funding "to investigate or act upon applications

for relief from Federal firearms disabilities under 18 U.S.C. 925(c)." The

Consolidated Appropriations Act, 2018, Pub. L. No. 115-141.

49. Due to the above lack of funding, ATF does not in fact provide any review

under 18 U.S.C. § 925(c) to provide relief from a federal prohibition on

purchasing, possessing or utilizing a firearm.

50. Because Defendant ATF does not provide a review for relief from a federal

prohibition on acquiring or possessing a firearm, Plaintiff Folajtar cannot

avail herself of any federal procedure to vindicate her Second Amendment

rights on the basis that she does not present a threat to herself or others.

51. ATF Philadelphia Division Counsel Kevin White previously confirmed to

Attorney Prince that there is currently no mechanism available under federal

law for Mrs. Folajtar to obtain relief from her federal disability, as a result of

her conviction, absent a pardon granted by the President or a Second

Amendment *as-applied* challenge.

## COUNT I: SECOND AMENDMENT *AS-APPLIED* VIOLATIONS
### (*Plaintiff v. All Defendants*)

52. The foregoing paragraphs are hereby incorporated herein as if set forth in

    full.

53. The Second Amendment states that "the right of the people to keep and bear

    arms shall not be infringed."

54. The Supreme Court has held that the right to keep and bear arms is a

    fundamental right, the core of which is to allow individuals to keep arms in

    their own homes for self-defense. *District of Columbia v. Heller*, 554 U.S.

    570, 581 (2008).

55. The Third Circuit Court of Appeals in *Binderup v. AG of United States*, 836

    F.3d 336 (3d Cir. 2016) held that an individual can successfully bring a

    Second Amendment *as-applied* challenge to a non-violent conviction which

    results in a firearm and ammunition disability.

56. Defendants Sessions, Brandon, Wray, and the United States have, together

    and separately, violated Mrs. Folajtar's Second Amendment rights by

    denying her, in perpetuity, the ability to purchase and possess a firearm as a

result of a conviction for filing a false individual income tax return, where no one was injured.

57. Defendants' custom, practice, and policy of prohibiting individuals who have been convicted of filing a false individual income tax return is an infringement and an impermissible burden on Mrs. Folajtar's right to Keep and Bear Arms pursuant to the Second Amendment of the U.S. Constitution, especially in light of the fact that her crime is not historically considered to be a serious offense and her sentence was relatively minor.

58. Moreover, the current enforcement policies of Defendants prevent Mrs. Folajtar from legally purchasing or possessing a firearm and ammunition.

59. Therefore, as a direct and proximate result of the above infringement and impermissible burden on Mrs. Folajtar's Second Amendment rights, Mrs. Folajtar has suffered – and continues to suffer – from an unlawful deprivation of her fundamental constitutional right to Keep and Bear Arms.

60. Mrs. Folajtar has incurred attorney fees and costs as a direct result of prosecuting the present court action.


## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lisa Folajtar respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, as follows:

a) Declare that 18 U.S.C. § 922(g)(1), its derivative regulations, and all related laws, policies, and procedures violate Plaintiff's right to Keep and Bear Arms as guaranteed by the Second Amendment to the United States Constitution;

b) Permanently enjoin Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing against Plaintiff 18 U.S.C. § 922(g)(1) and all its derivative regulations, and all related laws, policies, and procedures that would impede or criminalize Plaintiff's exercise of her right to Keep and Bear Arms;

c) Award Plaintiff costs and attorney fees and expenses to the extent permitted under 28 U.S.C. § 2412 and 18 U.S.C. § 925a; and

d) Grant any and all other equitable and/or legal remedies this Court may see fit.

Respectfully Submitted,

Joshua Prince, Esq.
Joshua@PrinceLaw.com

Adam Kraut, Esq.
AKraut@PrinceLaw.com

Civil Rights Defense Firm, P.C.
646 Lenape Road
Bechtelsville, PA 19505
888-202-9297
610-400-8439 (fax)

# Exhibit A

AO 245B     (Rev 09/08) Judgment in a Criminal Case
            Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

|  |  |
|---|---|
| UNITED STATES OF AMERICA <br> v. <br> LISA FOLAJTAR | **JUDGMENT IN A CRIMINAL CASE** <br><br> Case Number:  DPAE5:11CR000175-001 <br> USM Number:  67169-066 <br> Robert E. Goldman, Esquire <br> Defendant's Attorney |

**FILED**

**OCT 19 2011**

**MICHAEL E. KUNZ, Clerk**
**By_____ Dep. Clerk**

## THE DEFENDANT:

X pleaded guilty to count(s)     1

☐ pleaded nolo contendere to count(s)
  which was accepted by the court.

☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 26 U.S.C. 7206(1) | Filing false tax returns. | April 2009 | 1 |

  The defendant is sentenced as provided in pages 2 through     6     of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                              ☐ is   ☐ are  dismissed on the motion of the United States.

  It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 9, 2011
Date of Imposition of Judgment

*James Knoll Gardner*
Signature of Judge

James Knoll Gardner, U.S.D.J.
Name and Title of Judge

October 19, 2011
Date

A TRUE COPY CERTIFIED TO FROM THE RECORD
DATED: 4/2/2018
ATTEST: _____
DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 4—Probation

DEFENDANT:    LISA FOLAJTAR
CASE NUMBER:  DPAE5:11CR000175-001

## PROBATION

The defendant is hereby sentenced to probation for a term of :

THREE YEARS

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

        If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

        The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 4A — Probation

DEFENDANT:      LISA FOLAJTAR
CASE NUMBER:    DPAE5:11CR000175-001

Judgment—Page    3    of    6

## ADDITIONAL PROBATION TERMS

For the first three months of the probationary period, the defendant is to be confined to her residence commencing at the direction of the United States Probation Office. During this period of house arrest, the defendant shall be required to be at this residence at all times except for approved absences for gainful employment, community service, religious services, medical care, education or training programs, and at other such times as may be specifically authorized by the United States Probation Office. The defendant shall wear an electronic monitoring device for that period and follow electronic monitoring procedures. The defendant shall permit the probation officer access to the residence at all times and maintain a telephone at the residence without any custom services or portable, cordless equipment. The defendant shall comply with any other specific conditions of home confinement as the probation officer requires. The defendant shall pay the costs of electronic monitoring.

AO 245B     (Rev. 09/08) Judgment in a Criminal Case
            Sheet 4C — Probation

DEFENDANT:        LISA FOLAJTAR
CASE NUMBER:      DPAE5:11CR000175-001

Judgment —Page    4    of    6

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide the United States Probation Office with full disclosure of her financial records to include yearly income tax returns upon the request of the United States Probation Office. The defendant shall cooperate with the probation officer in the investigation of her financial dealings and shall provide truthful monthly statements of her income.

The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any fine or restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the fine or restitution obligation or otherwise has the express approval of the Court.

The defendant is to fully cooperate with the Internal Revenue Service by filing all delinquent or amended returns and by timely filing all future returns that come due during the period of probation. The defendant is to properly report all correct taxable income and claim only allowable expenses on those returns. The defendant is to provide all appropriate documentation in support of said returns. Upon request, the defendant is to furnish the Internal Revenue Service with information pertaining to all assets and liabilities, and the defendant is to fully cooperate by paying all taxes, interest and penalties due, and otherwise comply with the tax laws of the United States.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing address or residence that occurs while any portion of the fine remains unpaid.

The Court has reviewed these conditions of supervision and finds that they are reasonably related to statutory goals, consistent with United States Sentencing Commission policy and that the liberty deprivations are no greater than is reasonably necessary.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
            Sheet 5 — Criminal Monetary Penalties

Judgment — Page    5    of    6

DEFENDANT:           LISA FOLAJTAR
CASE NUMBER:         DPAE5:11CR000175-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $  100.00 | $  10,000.00 | $ |

☐  The determination of restitution is deferred until         . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|

| **TOTALS** | $ | $ | |

☐  Restitution amount ordered pursuant to plea agreement  $

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

X   the interest requirement is waived for the    X  fine   ☐  restitution.

☐   the interest requirement for the    ☐  fine   ☐  restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

DEFENDANT:        LISA FOLAJTAR
CASE NUMBER:      DPAE5:11CR000175-001

Judgment — Page    6    of    6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  X  Lump sum payment of $   10,100.00        due immediately, balance due

     ☐ not later than _____ , or
     ☐ in accordance    ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  X  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   X F below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  X  Special instructions regarding the payment of criminal monetary penalties:

The fine is due immediately and shall be paid in monthly installments of not less than $500, to commence 30 days after the date of this judgment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.